# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DONALD EARL ASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-0591-CV-W-FJG |
| | ) |
| CONTINENTAL DELI FOODS, INC. et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion to Amend his Complaint (Doc. # 13) and TransAm Trucking, Inc.'s Motion to Intervene (Doc. # 12), Gleason Constructors, Inc.'s Motion to Quash Service or in the Alternative to Dismiss Plaintiff's Complaint (Doc. # 23) and plaintiff's Motion to Dismiss Without Prejudice (Doc. # 27). The Court will address each of these motions in turn.

**A. Motion to Amend**

Plaintiff seeks leave to file a Second Amended Complaint adding as defendants Cooks Electric and R.F. Lewis Refrigeration, Inc. Plaintiff states that these additional parties were made known to plaintiff after the filing of the original petition and after the production of documents by defendant Continental Deli Foods. Plaintiff states that while Continental Deli Foods takes no position with respect to the propriety of the claims from a substantive legal standpoint, it has no objection to the amendment from a procedural standpoint. Therefore, for good cause shown and with no opposition indicated, plaintiff's Motion for Leave to Amend is hereby **GRANTED** (Doc. # 13). Plaintiff shall file his Second Amended Complaint within five (5) days of the date of this Order.

**B. Motion to Intervene**

TransAm Trucking, Inc., moves for leave to intervene to protect and enforce its statutory workers compensation lien in any recovery that plaintiff may obtain from defendants. For good cause shown and with no opposition indicated, TransAm's Motion for Leave to Intervene is hereby **GRANTED** (Doc. # 12). TransAm shall file its proposed Complaint in Intervention within five (5) days of the date of this Order.

**C. Motion to Quash Service or In the Alternative to Dismiss**

Plaintiff filed his original petition on May 13, 2004. In the caption of the petition, plaintiff directed that service upon Gleeson Constructors, Inc. could be made upon CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. On June 4, 2004, CT Corporation sent a letter to the Clerk of the Circuit Court of Jackson County, advising that CT Corporation is not the registered agent in Missouri for a company named Gleeson Constructors, Inc. Plaintiff's counsel was carbon copied on the letter. After the case was removed to federal court, in responding to an Order to Show Cause, plaintiff's counsel advised the Court that service had been accomplished on Gleason (sic) and that CT Corporation was the proper registered agent for Gleeson who had refused to accept service. Plaintiff contended that despite the misspelling, service should be deemed valid and that defendant should be either held in default or service should now be allowed.

However, Gleeson states that in addition to misspelling its name, as of November 25, 2003, Gleeson Constructors, Inc. had changed its name and had been succeeded by GCI, Inc. d/b/a Gleeson Design-Build, Inc. On January 15, 2004, GCI, Inc. d/b/a

2

Gleeson Design-Build, Inc. filed an Application for Certificate of Withdrawal of Foreign Corporation. On January 20, 2004, a Certificate of Withdrawal was filed by the Secretary of State, certifying that Gleeson Design-Build, Inc. was withdrawn from the State. Gleeson states that plaintiff attempted service upon it in June 2004, but by that time, it had formally withdrawn from the State and CT Corporation was not longer its registered agent and had no authority to accept service upon its behalf. Pursuant to Mo.Rev.Stat. § 351.596, Gleeson states that the proper party upon whom service could be perfected was the Secretary of State. Therefore, because defendant Gleeson was never served with process, it asks the Court to enter an Order dismissing plaintiff's claims or in the alternative quashing the service that was attempted. Plaintiff filed no response to the Motion to Quash.

In Froland v. Yamaha Motor Company Ltd., 296 F.Supp.2d 1004, 1006-1007 (D.Minn. 2003), the Court stated, "dismissal is not always required when service has been deemed improper. See Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976); see also 5A Charles Alan Wright and Arthur R. Miller, Fed.Prac. & Proc. Civ.2d §1354 (2d ed. 2003)(court may quash purported service without dismissing action where it appears plaintiff can properly correct flawed service of process)." See also Atkinson v. McLaughlin, 343 F.Supp.2d 868 (D.N.D. 2004), "'Dismissal is not invariably required where service is ineffective: under such circumstances the district court has discretion to either dismiss the action, or quash service but retain the case.'" Id. at 880 (quoting Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998)).

In the instant case, because it appears that plaintiff can correct the service upon Gleeson, the Court will not dismiss the action, but instead will quash plaintiff's attempted

Case 4:04-cv-00591-FJG   Document 31   Filed 04/19/05   Page 3 of 7

service upon Gleeson.  Accordingly, the Court hereby **GRANTS** defendant Gleeson's Motion to Quash (Doc. # 23).

### D. Plaintiff's Motion to Dismiss Pursuant to Rule 41

Plaintiff moves to dismiss his case without prejudice so that he might bring his action in state court against a now identified Missouri defendant, Schefer's Roofing. Plaintiff states that on February 15, 2005, Neil Hinck, the plant engineer for Continental Deli Foods, identified Schefer's Roofing as a sub-contractor on the project at issue. Plaintiff also states that in a memo recently produced by defendant Continental Deli Foods, Mr. Hinck recalled that the roofing contractor had placed debris on pallets in the general vicinity of where plaintiff fell.  Plaintiff attached a copy of the recently produced memorandum which states:

> I did not see what Don tripped over but I do remember telling the roofing contractor to set the pallets of old pipe and trash on the ground.  As far as I can remember the pallet of trash was setting next to the building for one or two days before it was picked up by the trash company.  The pallets were next to the building where they should have been out of the way of people walking to the offices.

Plaintiff states that Continental Deli Foods will face no prejudice if this action is dismissed, because the discovery conducted to date could be used in a subsequent proceeding, there is no statute of limitations or procedural bar which would keep defendant from pursuing claims for contribution or indemnification.  Plaintiff also urges the Court to dismiss the action now, because otherwise plaintiff would have to seek leave to amend to add the roofing contractor and then would have to file a motion to remand.

Continental Deli Foods opposes the Motion to Dismiss, arguing that plaintiff has

4

not satisfactorily established that Schefer's Roofing played any role in causing plaintiff's injuries. Continental Deli Foods argues that during the deposition, a few references were made to the fact that Schefer Roofing may have worked as a roofing subcontractor. However, rather than conduct additional discovery to confirm this fact and to further investigate the scope of Schefer's work and possible contractual/legal liability, plaintiff has instead opted to seek a dismissal.

In his deposition, Mr. Hinck testified as follows:

Q. And the sentence before that says you do remember telling the roofing contractor to set the pallets of old pipe and trash on the ground?
A. Yes.
Q. And what roofing contractor are we talking about?
A. It was Sheffer's Roofing.
Q. And where is Sheffer's Roofing located?
A. I believe they're out of Grain Valley or Oak Grove.
. . .
Q. What work did they engage in?
A. They were the contractor that put the roof over this new area that was remodeled.
Q. Were they a subcontractor of Gleeson?
A. To my knowledge they were, yes.
. . .
Q. Have you seen any documents that has their name on it?
A. I have not, no.
Q. How do you recall their name, just memory?
A. Just memory from the roofing company.
Q. When you say – well, do you have any recollection as to what general time frame they would have been working at the facility?
A. No, I don't.
Q. Could have been as late as October of 2000?
A. It could have been. It could have been one of the last things. But I don't recall exact dates.

(Hinck Depo., pp. 42-43).

Q. And that is generally the area where you recall the debris on pallets from Sheffer's Roofing, correct?

A. I'm not sure if it was Sheffer's Roofing but a contractor working on the roof.

5

(Hinck Depo. p. 95).

Continental states that aside from identifying Schefer Roofing as a subcontractor, Mr. Hinck was unable to verify exactly when Schefer worked at Continental and additionally he stated in his deposition that he was not sure if the debris came from Schefer or some other contractor.  Continental states that the memorandum and the deposition of Mr. Hinck have not established a sufficient basis for dismissal of plaintiff's action.  Additionally, Continental states that plaintiff's action has now been pending for over seven months and dismissal at this stage of the proceedings would unduly waste judicial resources that have been expended by this Court. Finally, Continental argues that it would be prejudiced if plaintiff were allowed to dismiss his suit and refile it in state court with yet another defendant.  Continental also argues that plaintiff has failed to satisfy the requirements for joining a non diverse party under 28 U.S.C. § 1447(e). Plaintiff did not file a reply to Continental's Suggestions in Opposition.

"'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" Great Rivers Co-op of Southeastern Iowa v. Farmland Industries, Inc., 198 F.3d 685, 689 (8th Cir. 1999)(quoting United States v. Gunc, 435 F.2d 465, 467 (8th Cir. 1970)).  "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999), cert. denied, 528 U.S. 1117 (2000)(internal citations omitted).  See also In re: Baycol Products Litigation, No. MDL 1431(MJD), 2004 WL 2296817 (D. Minn. Oct. 7,

6

2004).

In the instant case, the Court finds that the evidence plaintiff has presented is not sufficient to warrant a dismissal. At best there is only a reference to the fact that this roofing company might have worked as a subcontractor at the site during the time that plaintiff suffered his injury. If after plaintiff conducts additional discovery, he discovers that it is necessary to add this defendant, he may file a motion for leave to add a nondiverse party at that time. Additionally, the Court believes that a dismissal at this point in the case would waste judicial resources and would prejudice the defendants. Accordingly, plaintiff's Motion to Dismiss without Prejudice is hereby **DENIED** (Doc. # 27).


Date:__April 19, 2005____               **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                   Fernando J. Gaitan, Jr.
                                        United States District Judge

7